IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02037-BNB

ERIKA ARROYA,

Applicant,

v.

ARISTEDES W. ZAVARAS (CDOC) Director, and
THE ATTORNEY GENERAL OF THE STATE OF [COLORADO] JOHN SUTHERS,

Respondents.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 3 0 2008

GREGORY C. LANGHAM
CLERK

---

## ORDER OF DISMISSAL

---

Applicant, Erika Arroya, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Denver Women's Correctional Facility. Ms. Arroya initiated this instant action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of her conviction in Denver County, Colorado, district court case number 98CR4129.

On September 30, 2008, Magistrate Judge Boyd N. Boland ordered Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On October 29, 2008, after being granted extensions of time, Respondents filed their pre-answer response asserting that the instant action is barred by the one-year limitation period and that Applicant's federal constitutional claims are procedurally defaulted. On November 17, 2008, Ms. Arroya

ply to the pre-answer response.

The Court must construe liberally the habeas corpus application and reply filed

by Ms. Arroya because she is not represented by an attorney. *See Haines v. Kerner*,

404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d

at 1110. For the reasons stated below, the Court will dismiss the action as barred by

the one-year limitation period. Because the Court will dismiss the action as

time-barred, the Court will not address Respondents' remaining arguments for

dismissal.

Ms. Arroya pleaded guilty in Denver District Court case number 98CR4129 to

child abuse resulting in death, and was sentenced on February 11, 2000, to forty-eight

years in prison. She did not appeal directly from the judgment of conviction.

On May 25, 2000, she filed a motion to reconsider her sentence pursuant to Rule

35(b) of the Colorado Rules of Criminal Procedure with the trial court, which denied the

motion on June 12, 2000. Between January 2003 and May 2006, she filed *pro se*

several letters and motions in the trial court, including a motion for appointment of

postconviction counsel, in which she asserted that she was indigent, had limited legal

knowledge, and intended to file a motion pursuant to Colo. R. Crim. P. 35(c) challenging

the constitutionality of her guilty plea and claiming ineffective assistance of counsel.

The trial court denied the motion, finding that any Colo. R. Crim. P. 35(c) motion would

be untimely under Colo. Rev. Stat. § 16-5-402(1), and that Ms. Arroya had failed to

alleged justifiable excuse or excusable neglect.

On August 2, 2006, together with another motion for appointment of counsel, Ms.

Arroya filed a Colo. R. Crim. P. 35(c) motion challenging the constitutionality of her

guilty plea and claiming ineffective assistance of counsel in the trial court, which denied

the motion as time-barred. On December 27, 2007, the Colorado Court of Appeal

affirmed. *See People v. Arroya*, No. 06CA2217 (Colo. Ct. App. December 27, 2007)

(not selected for publication). On May 19, 2008, the Colorado Supreme Court denied

certiorari review.

Ms. Arroya mailed the instant habeas corpus application to this Court on

September 8, 2008. Therefore, pursuant to the prisoner mailbox rule, *Houston v.*

*Lack*, 487 U.S. 266, 270 (1988), the Court must deem this action commenced on

September 8, 2008, not on September 10, 2008, when it was received for filing, or on

September 22, 2008, when it actually was filed. As noted above, Respondents contend

that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That

statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application
> for a writ of habeas corpus by a person in custody pursuant
> to the judgment of a State court. The limitation period shall
> run from the latest of–
>
>> (A) the date on which the judgment became
>> final by the conclusion of direct review or the
>> expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing
>> an application created by State action in
>> violation of the Constitution or laws of the
>> United States is removed, if the applicant was
>> prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right
>> asserted was initially recognized by the
>> Supreme Court, if the right has been newly

3

recognized by the Supreme Court and made
retroactively applicable to cases on collateral
review; or

(D) the date on which the factual predicate of
the claim or claims presented could have been
discovered through the exercise of due
diligence.

(2) The time during which a properly filed application for
State post-conviction or other collateral review with respect
to the pertinent judgment or claim is pending shall not be
counted toward any period of limitation under this
subsection.

28 U.S.C. § 2244(d).

Ms. Arroya's conviction became final when the time for filing a direct appeal

expired because she did not file a direct appeal. Pursuant to Rule 4(b) of the Colorado

Appellate Rules, Ms. Arroya had forty-five days to file a notice of appeal after she was

sentenced on February 11, 2000. As a result, the Court finds that Ms. Arroya's

conviction became final on March 27, 2000. The Court also finds that the one-year

limitation period began to run on March 27, 2000, because Ms. Arroya does not allege

that she was prevented by unconstitutional state action from filing this action sooner,

she is not asserting any constitutional rights newly recognized by the Supreme Court

and made retroactively applicable to cases on collateral review, and she knew or could

have discovered the factual predicate for her claims before his conviction became final.

Respondents concede that the one-year limitation period was tolled while the

postconviction motions Ms. Arroya filed were pending in state court, and the Court

agrees. Therefore, the period from May 25, 2000, to June 12, 2000, when the Colo. R.

Crim. P. 35(b) motion to reconsider her sentence was pending in state court, plus the

period from June 13, 2000, to July 28, 2000, the forty-five days during which Ms. Arroya could have sought an appeal under state law, *see Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000), *see also* Colo. R. App. P. 4(b), do not count against the one-year limitation period. Likewise, the period from August 2, 2006, to May 19, 2008, when the Colo. R. Crim. P. 35(c) motion was denied, the denial of the Colo. R. Crim. P. 35(c) motion was affirmed, and certiorari review of the Colo. R. Crim. P. 35(c) motion was denied, also does not count against the one-year limitation period.

However, the 59 days after the judgment of conviction became final on March 27, 2000, and before May 25, 2000, when Ms. Arroya filed the Colo. R. Crim. P. 35(b) motion to reconsider in state court, count against the one-year limitation period. In addition, the gap of 2,196 days from July 28, 2000, when the time expired for appealing from the denial of the Colo. R. Crim. P. 35(b) motion, and before August 2, 2006, when she filed the Colo. R. Crim. P. 35(c) motion in state court, counts against the one-year limitation period. Finally, the 112 days between May 19, 2008, when the Colorado Supreme Court denied certiorari review of the Colo. R. Crim. P. 35(c) motion, and September 8, 2008, when Ms. Arroya filed the instant habeas corpus application pursuant to the prisoner mailbox rule, *see Houston*, 487 U.S. at 270, count against the one-year limitation period. As a result, the Court finds that a total of 2,367 days count against the one-year limitation period, and the action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when

circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id*. Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. *See Miller*, 141 F.3d at 978. Finally, Ms. Arroya bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Ms. Arroya fails to allege any facts that might justify equitable tolling of the one-year limitation period. Therefore, the Court finds that Ms. Arroya fails to demonstrate that equitable tolling is appropriate, and the instant action will be dismissed as barred by the one-year limitation period. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this _30_ day of _December_, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02037-BNB

Erika Arroya
Prisoner No. 104071
DWCF
PO Box 392005
Denver, CO 80239

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12/30/08

GREGORY C. LANGHAM, CLERK

By:_____
          Deputy Clerk